## MURPHY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1897.)

### No. 309.

1. GOVERNMENT EMPLOYES—FOREMAN AT NAVY YARD—SUSPENSION—COMPENSATION.

One who is employed as foreman mason at a navy yard at a per diem compensation is not entitled to compensation except for the time during which he actually renders services; and the fact that, after being suspended by the commandant, he holds himself ready to perform such services, gives him no claim against the government.

2. SAME—INVESTIGATION OF CHARGES.

The suspension of such an employé by the commandant is, in effect, his discharge; and the fact that after his suspension a board is appointed to investigate charges against him is no recognition of his status as an employé, and gives him no right to compensation, nor to a recovery of sums expended in traveling to attend before the board.

In Error to the Circuit Court of the United States for the Northern District of California.

H. B. M. Miller, for plaintiff in error.

Samuel Knight, Asst. U. S. Atty.

Before ROSS, Circuit Judge, and HAWLEY and MORROW, District Judges.

ROSS, Circuit Judge. This was an action by the plaintiff in error, as plaintiff in the court below, under and by virtue of the act of congress entitled "An act to provide for the bringing of suits against the government of the United States," approved March 3, 1887 (24 Stat. 505). To the third amended petition the government's demurrer was sustained, and, the plaintiff declining to further amend, his petition was dismissed. The writ of error brings up for review the ruling of the court below in the respect stated.

The petition contains two counts. In the first the plaintiff alleged, in substance, that on or about July 23, 1885, he was regularly appointed, by the commandant of the United States navy yard at Mare Island, Cal., foreman mason of the yard and dock department thereof, "at the understood and agreed compensation of six dollars per day"; that under and by virtue of that appointment the plaintiff entered upon the performance of his duties as such foreman mason, and continued in the performance thereof to and including September 29, 1885, when he was, by the commandant, suspended from his position by reason of certain charges preferred against him by the civil engineer of the yard; that thereafter, and on November 19, 1885, the acting secretary of the navy appointed a board to investigate the charges, and ordered that it meet at the yard at Mare Island, November 30, 1885, for that purpose, and report to the department at Washington all the facts deemed to be established by the evidence taken; that the board of investigation met in accordance with the order of the secretary, and, after various sessions, at which witnesses were examined, made its report to the department, recommending the dismissal of the plaintiff from his position of foreman mason. "But," proceeded the petition, "said recommendation was never carried into effect, and said plaintiff has never been discharged from his said position, but has been, and still is, deprived from fulfilling the duties thereof." It will be thus seen that the petition itself showed that at no time after September 29, 1885, did the plaintiff render any service to the United States as foreman mason of the Mare Island navy yard. The allegation, also contained in the petition, that he has, ever since his suspension, held himself in readiness to perform the duties of the position, is of no force or effect, so far as concerns the first count of his petition, by which he seeks to recover "compensation as such foreman mason" from October 1, 1885, to the time of the bringing of the suit, September 28, 1891. As he never rendered the defendant any service during that period, it is plain that he is not entitled to any compensation. Compensation for such services only follows services rendered. Such, too, is the declaration of the statute applicable to and controlling such positions as foreman mason of a navy yard. Section 1545 of the Revised Statutes reads: "Salaries shall not be paid to any of the employés of the navy yards except those who are designated in the estimates. All other persons shall receive a per diem compensation for the time during which they may be actually employed." The plaintiff not being an officer or a salaried employé, but, as shown by the petition itself, a person engaged at a per diem compensation, he was, under the express provision of the second clause of the section of the statute quoted, entitled to such

compensation for the time during which he was actually employed, but to that only. Moreover, his suspension by the commandant of the navy yard was, as was held by the court below, in effect his discharge from the employment in which he was engaged. It is not pretended that he was employed for any definite time, but, on the contrary, according to the express allegations of the petition he was engaged at the agreed compensation of six dollars per diem, which was, in legal effect, an employment by the day. The fact that subsequent to his suspension the secretary of the navy appointed a board to investigate and report upon the charges against him was no recognition of his status as a then employé of the government, and certainly could not operate to confer upon him the right to compensation for the time during which he was not actually employed.

The second count of the petition embodied the averments already considered, and therefore also showed that the plaintiff was, in effect, discharged from his employment as foreman mason of the navy yard in question September 29, 1885. That being so, the further allegation contained in the second count that the plaintiff, "while such foreman mason as aforesaid, and while acting under the orders of the acting secretary of the navy of the United States, was ordered by said acting secretary of the navy to, and did, travel from the city of Washington, D. C., to the said Mare Island navy yard, in California, for the purpose of being in attendance upon said so-called 'board of investigation,' and that he was thereby compelled to, and did, expend in obeying said order the sum of $240 as traveling expenses," is ineffectual to create a valid demand for such expenses against the government. As the specific allegations embodied in the second as well as in the first count of the petition showed that the plaintiff was suspended, and, in effect, discharged, from his position, the allegation last quoted is far from showing that there was any order of the secretary to the plaintiff in his capacity of employé of the government, or that the plaintiff was then under any obligation to obey any order, or that he expended any money in the service of the United States. The judgment is affirmed.